**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald J. Harris, | No. CV 04-2770-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Ronald J. Harris has filed a motion for reconsideration. Dkt. #67. He asks the Court to reconsider its order granting Defendants' motion to dismiss and motion for summary judgment. *See* Dkt. #65. The Court will deny Plaintiff's motion.

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *Motorola, Inc. v. J. B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Plaintiff has not satisfied this standard.

Plaintiff did not respond to Defendants' motion for summary judgment despite an order informing him of his obligation to respond. Dkt. ##59, 65. Plaintiff now argues that the Court should not have granted summary judgment when its previous screening order (Dkt. #5) found a sufficient basis for Plaintiff's complaint to proceed. This argument blurs the distinction between a case screening order under 28 U.S.C. § 1915A and a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. At screening, the Court must dismiss a complaint if the plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). A complaint may state a non-frivolous, non-malicious claim against a non-immune defendant and yet still be disposed of through summary judgment if, following a reasonable opportunity for discovery, "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Although the Court in this case found that Plaintiff's complaint had stated a claim with respect to some counts (Dkt. #5), Plaintiff failed to respond to Defendants' summary judgment motion, failed to respond to evidence produced in the summary judgment motion, and failed to create a question of fact sufficient to defeat summary judgment. Dkt. #65. The Court considered Plaintiff's verified complaint in addressing Defendants' motion, but the complaint failed to set forth sufficiently specific factual information to overcome Defendants' motion. *Id.* There was no inconsistency between the Court's screening of the complaint and the subsequent granting of summary judgment.

Plaintiff complains that the Court granted Defendants' motion "without even the courtesy of a real hearing." Dkt. #67 at 7. But it was Plaintiff who failed to respond to Defendants' motion and failed to request a hearing. *See* LRCiv 7.2(f). Plaintiff claims to have been a "practicing attorney" for "over 30 years." Dkt. #67 at 3. If this is true, Plaintiff

certainly understood the importance of a motion for summary judgment and the importance of responding to the motion if a response was possible.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #67) is **denied**.

DATED this 20th day of February, 2008.

_____
David G. Campbell
United States District Judge